## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **BAHIAG8, LLC**<br><br>    Plaintiff<br><br>    vs.<br><br>**SABEDORIA, LLC; COMPANIES A-Z; JOHN DOE; PATTY DOE**<br><br>    Defendants | CIVIL NO.<br><br>DECLARATORY JUDGMENT; STATE LAW CONTRACT AND TORT CLAIM; JURY TRIAL |

### COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiff, through the undersigned legal representation, and very respectfully STATE, REQUEST AND PRAY:

### I.   NATURE OF THIS CASE

1.   This action is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This action is also brought pursuant to Articles 1029, 1030, 1031, 1032 and 1536 of the Civil Code of Puerto Rico 2020.

### II.   JURISDICTION AND VENUE

2.   This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, in as much as there is complete diversity between Plaintiff and Defendant and because the amount in controversy exceeds the value of $75,000.00. Plaintiff is incorporated in and has its principal place of business in the Commonwealth of Puerto Rico and Defendant is incorporated in the State of Delaware.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 since the claims asserted arose in this judicial district.

4. Plaintiff requests a jury trial.

5. All codefendants are jointly and severally responsible to Plaintiff for the damages caused to them.

### III.    PARTIES

6. Plaintiff **BAHIAG8, LLC** (hereinafter "BahiaG8, LLC") is a limited liability company organized and existing under the laws of the Commonwealth of Puerto Rico and has principal business in the Commonwealth of Puerto Rico. BahiaG8, LLC is the sole owner of real property identified as Lot G8 Atlantic Drive of the Bahia Beach Atlantic Estate located at the Bahia Beach Resort & Golf Club in Rio Grande, Puerto Rico (hereinafter "the property" or "Lot G8"). BahiaG8, LLC's postal address is PO Box 534, Rio Grande, PR 00745.

7. Co-defendant **SABEDORIA, LLC** (hereinafter "Sabedoria") is a limited liability company organized and existing under the laws of the State of Delaware. Sabedoria approached BahiaG8, LLC with an offer to buy Lot G8. Sabedoria's address is Corporation Trust Center 1209 Orange St, Wilmington, DE 19801.

8. Co-defendant **COMPANIES A-Z** are legal entities that at the times relevant to these facts owned, operated, managed, and/or administered Sabedoria. In the alternative, they are other legal entities that caused or contributed to causing the damages to Plaintiff. Also, and in the alternative, they are insurance companies which at the time the facts of this case took place had in full force and effect insurance policies in favor of codefendants.

9. Co-Defendants **JOHN DOE** and **PATTY DOE** are all codefendants of unknown identity that caused and contributed to causing Plaintiff damages. Their identities will be revealed once they are known through discovery.

10. All of the named defendants are jointly and severally responsible to plaintiffs for the damages caused to them. All defendants fictitiously named herein will be correctly named once their identities are determined.

## IV.    FACTS

11. BahiaG8, LLC is the sole owner of the property identified as Lot G8 Atlantic Drive of the Bahia Beach Atlantic Estate located at the Bahia Beach Resort & Golf Club in Rio Grande, Puerto Rico.

12. BahiaG8, LLC was in the middle of renovating the Lot G8 property when it was made an offer from Sabedoria to buy the property once the construction was finished. Sabedoria's represented BahiaG8, LLC that the property would be bought as a personal residence and not to be "flipped" and then re-sold.

13. On March 21, 2021, BahiaG8, LLC and Sabedoria signed a "Purchase and Sale Agreement" regarding the Lot G8 property. (See **Exhibit 1**, "Purchase and Sale Agreement").

14. Said purchase and sale agreement was signed by Chadbourn Sharpe as the Managing Member of BahiaG8, LLC and by Taino A. López as the Managing Member of Sabedoria. (See **Exhibit 1**, "Purchase and Sale Agreement").

15. Per the purchase and sale agreement, the parties agreed that BahiaG8, LLC would sell the Lot G8 property to Sabedoria, who would purchase the property via a

cash purchase and that the purchase price was $7,600,000.00. (See **Exhibit 1**, "Purchase and Sale Agreement" clause 2(a)).

16.     Per the purchase and sale agreement, the parties agreed that, after receiving the deposit for the amount of $760,000.00, Sabedoria would have exclusive right of purchase of the property. (See **Exhibit 1**, "Purchase and Sale Agreement" clause 2(a)).

17.     The deposit in the amount of $7,600,000.00 was deposited by Sabedoria in an escrow account on behalf of The Tittle Security Group, LLC, who is BahiaG8, LLC's escrow agent. (See **Exhibit 1**, "Purchase and Sale Agreement" clause 2(a)).

18.     Per the purchase and sale agreement, the term of closing or the closing date would be on or prior to 30 days from date of the final inspection and approval by Sabedoria of the construction of the residential home in accordance with the terms of the agreement, whichever occurred on a later date, or the date of issuance of the use of permits of the residential home by the corresponding government authority. (See **Exhibit 1**, "Purchase and Sale Agreement" clause 2(b)).

19.     Per the purchase and sale agreement, the parties agreed that the term would not exceed 15 months from the date the purchase and sale agreement was executed. (See **Exhibit 1**, "Purchase and Sale Agreement").  The parties also agreed that the term would be automatically extended for a period of 3 months if any delay was due to acts of God or *force majeure*. (See **Exhibit 1**, "Purchase and Sale Agreement" clause 2(b)).

20. An "Escrow Agreement" was signed by BahiaG8, LLC, Sabedoria and The Title Security Group, LLC on March 5, 2021. (See **Exhibit 1**, "Purchase and Sale Agreement").

21. On September 16, 2022, Hurricane Fiona passed through Puerto Rico which caused a delay on the construction on the Lot G8 property and the term of 15 months were extended for a period of 3 months, per the purchase and sale agreement, since it was an act of God or *force majeure*.

22. On November 18, 2022, inspector Luis Trabanco made the final inspection of the Lot G8 property and gave verbal approval to BahiaG8, LLC's contractor. (See **Exhibit 2**, picture of text message of November 18, 2022).

23. Due to the extension of the term and the date of the final inspection, the closing date was scheduled for December 21, 2022. (See **Exhibit 3**, emails between Brian Aronson and Atty. Carlos Carillo).

24. The attorney in charge of redacting the deed of purchase and attending other matters related to the closing of the property requested a series of information as to the buyer and others to Sabedoria's real estate agent, Brian Aronson from Clubhouse Real Estate. (See **Exhibit 3**, emails between Brian Aronson and Atty. Carlos Carillo).

25. On December 12, 2022, Brian Aronson sent via email a letter requesting a 3-month extension of time on behalf of Sabedoria, since Sabedoria's economic situation suffered some changes. (See **Exhibit 4**, emails between Brian Aronson and Atty. Carlos Carillo and **Exhibit 5**, letter from Taino A. López of December 12, 2022). Said extension request was not granted by BahiaG8, LLC since the final inspection was performed on November 18, 2022, it was accepted and, per the agreement, the closing date needed to

be within 30 days from that approval. (See **Exhibit 4**, emails between Brian Aronson and Atty. Carlos Carillo). Also, Atty. Carlos Carillo informed Mr. Aronson that, while the closing date was December 18, 2022, they had agreed to close on December 21, 2022, since Sabedoria had represented that it would be ready to close on that date. (See **Exhibit 4**, emails between Brian Aronson and Atty. Carlos Carillo).

26. On December 15, 2022, Atty. Carillo sent the purchase deed and other documents for the revision of the parties. (See **Exhibit 4**, emails between Brian Aronson and Atty. Carlos Carillo). The purchase deed draft did not include the name of the buying party since, even when requested on several occasions, Sabedoria and its real estate agent failed to provide said information. (See **Exhibit 4**, emails between Brian Aronson and Atty. Carlos Carillo, and **Exhibit 6**, draft of purchase deed).

27. On December 19, 2022, Atty. Carillo again requested the name of the entity who would be buying the Lot G8 property since that was what was missing in order to prepare the Settlement Statement and finalized the documents needed for the closing on December 21, 2022. (See **Exhibit 4**, emails between Brian Aronson and Atty. Carlos Carillo).

28. On December 19, 2022, a preliminary Settlement Statement was sent to all parties to review. (See **Exhibit 4**, emails between Brian Aronson and Atty. Carlos Carillo). On said date, the final Closing Statement was sent to the parties for revision and again it was requested from Sabedoria to inform the name of the entity who would be buying the Lot G8 property. (See **Exhibit 4**, emails between Brian Aronson and Atty. Carlos Carillo).

29. Still on December 20, 2022, Sabedoria had not informed the name of the entity who would be buying the Lot G8 property and there had been no confirmation that

the funds had been transferred to the closing agent or that certified checks would be provided during the closing. (See **Exhibit 4**, emails between Brian Aronson and Atty. Carlos Carillo).

30. Per the purchase and sale agreement, the parties had until 5:00pm on the selected date to close the property. (See **Exhibit 1**, "Purchase and Sale Agreement" clause 2(c)).

31. On December 21, 2022, at 5:38pm, BahiaG8, LLC informed all parties that since the closing did not occur prior to 5:00pm, as stated in the purchase and sale agreement, it would be enforcing clause 3(b) of the "Purchase and Sale Agreement" and would be retaining the deposited amount of $760,000.00 and proceed to sell the property to another seller without incurring any liability. (See **Exhibit 4**, email from Chadbourn Sharpe).

32. Clause 3(b) of the "Purchase and Sale Agreement" states:

> In the event that, on the Closing Date (provided that the Purchaser did not terminate this Agreement on or prior to the expiration of either the Term allowed for the Appraisal or the Due Diligence Period or as otherwise set forth in this Agreement, for any of the reasons provided for in this Agreement including but not limited to Section 2(b), 2(h), 2(i), Section 3(a) or Section 6), the Purchaser does not acquire title to the Property for any reason not imputable to the Seller; then, as the Seller's remedy under this Agreement, the earnest money given as a deposit will be forfeited in its entirety in favor Seller and Seller may sell the property without any liability claim from Purchaser to another prospective Purchaser. (See **Exhibit 1**, "Purchase and Sale Agreement" clause 3(b)).

33. Meanwhile, without BahiaG8, LLC's knowledge and/or consent, Sabedoria put the Lot G8 property on the market via Clubhouse Real Estate's webpage with a selling price of $17,000,000.00. Sabedoria marketed the Lot G8 property on a public selling

website prior to purchasing the Lot G8 property. Once BahiaG8, LLC learned of this, it requested multiple times to Sabedoria and Sabedoria's real estate agent, Brian Aronson from Clubhouse Real Estate, to remove from the marketed properties in the Clubhouse Real Estate website the Lot G8 property.

34. Sabedoria has continued to advertise Lot G8 property fluctuating prices without the consent of BahiaG8, LLC and has now lowered the price to $10,000,000.00. Said actions are having and adverse effect on the future selling of the property.

35. On January 25, 2023, BahiaG8, LLC's legal representation remitted a letter to Sabedoria's legal representation requesting that it cease and desist from marketing the Lot G8 property since that action was not authorized by Bahia. (See **Exhibit 7**, letter from Atty. Alejandro Fernández on January 23, 2023). It was expressed to Sabedoria that this unauthorized action was creating a price fluctuation that devalued Lot G8's value and this creating damage to BahiaG8, LLC. (See **Exhibit 7**, letter from Atty. Alejandro Fernández on January 23, 2023). It was also informed that Sabedoria's real estate agent, Brian Aronson, confirmed the closing date of December 21, 2022, that the house had been inspected and accepted and that the "As-Built" plans were to be provided on the date of the closing. (See **Exhibit 7**, letter from Atty. Alejandro Fernández on January 23, 2023). It was also informed that BahiaG8, LLC offered Sabedoria $1,000,000.00 to acquire the option and the offer was recanted by Sabedoria. (See **Exhibit 7**, letter from Atty. Alejandro Fernández on January 23, 2023).

36. On January 27, 2023, Atty. Fernández sent an email to Atty. Vivoni stating that he had tried to contact him on several occasions and that this situation needed to be resolved since the cost of maintaining the Lot G8 Property continue to accumulate for

BahiaG8, LLC. (See **Exhibit 8**, emails between Atty. Alejandro Fernández and Atty. Luis Vivoni). Atty. Vivoni's answer was to state that they were gathering the information needed to answer the January 25, 2023, letter. (See **Exhibit 8**, emails between Atty. Alejandro Fernández and Atty. Luis Vivoni).

37.     As of January 27, 2023, no further communication between the parties has been made.

### V.     FIRST CAUSE OF ACTION
### For Declaratory Judgment, 28 U.S.C. § 2201

38.     Plaintiff realleges and incorporate herein, as if fully set forth, all prior paragraphs of this Complaint.

39.     Plaintiff requests that Declaratory Judgment be entered pursuant to 28 U.S.C. § 2201 declaring the following:

    a.     That the "Purchase and Sale Agreement" between BahiaG8, LLC and Sabedoria was executed on March 5, 2021;

    b.     That the clauses and obligations in the "Purchase and Sale Agreement" are clear;

    c.     That the three-month extension to the 15 months term was due to the passing of Hurricane Fiona which constituted an act of God or *force majeure*;

    d.     That the final inspection of the Lot G8 property was performed on November 18, 2022 by Luis Trabanaco and it was accepted;

    e.     That the closing date selected and approved by the parties was December 21, 2022;

  f. That by December 21, 2022, Sabedoria still had not provided BahiaG8, LLC with the name of the entity who would be appearing as the buyer of the Lot G8 property;

  g. That the closing of the Lot G8 Property was not performed due to the acts of Sabedoria and these acts constitute a breach of the "Purchase and Sale Agreement";

  h. That since the closing could not be done due to the acts of Sabedoria, BahiaG8, LLC is entitled, per the "Purchase and Sale Agreement" to the deposit of $760,000.00 and to continue with the sale of the Lot G8 property without incurring in liability.

  i. That during the term and extension of the term of the "Purchase and Sale Agreement", without BahiaG8, LLC's authorization and consent, Sabedoria marketed the Lot G8 property on the Clubhouse Real Estate website as its property and that it was for sale, all while BahiaG8, LLC was still the owner of the property.

### VI. SECOND CAUSE OF ACTION
### Articles 1029, 1030, 1031, 1032 of the Civil Code of Puerto Rico 2020

40. Plaintiff realleges and incorporate herein, as if fully set forth, all prior paragraphs of this Complaint.

41. The "Purchase and Sale Agreement" signed by BahiaG8, LLC and Sabedoria on March 5, 2021, is a contract securing the option of the Lot G8 property.

42. Article 1029 of Civil Code of Puerto Rico 2020, 31 L.P.R.A. § 8821, states that an option to buy is the right that allows the owner to decide during a determine period of time, through the manifestation of its acceptance, the execution of a purchase that has

been agreed upon and whose fulfillment is maintain during a fixed term. Article 1030 of the Civil Code of Puerto Rico 2020, 31 L.P.R.A. § 8822, states that an option must at least include the following requirements: 1) the duration of the term, and if it proceeds, the term for its execution; 2) the will of the constituent of configuring a right of real character; 3) the agreed upon price of the acquisition and 4) the agreed premium for its constitution stating the convened price. Article 1031 of the Civil Code of Puerto Rico 2020, 31 L.P.R.A. § 8823, establishes the duration of the right of an option. Article 1032 of the Civil Code of Puerto Rico 2020, 31 L.P.R.A. § 8824, states that the right of an option requires the prior or simultaneous payment of the fixed price or the one the results from the application of the stabilizing clauses.

43. The clauses and obligations stated in the "Purchase and Sale Agreement" were clear and were agreed upon by all parties.

44. The "Purchase and Sale Agreement" stipulated that BahiaG8, LLC was the sole owner of the Lot G8 property, that the deposit of $760,000.00 made by Sabedoria secured its option to purchase said property, that the purchasing price was the amount of $7,600,000.00, that the term of the agreement would be for 15 months and it could be extended for a period of 3 months if any of the circumstances stated in the agreement happened, and to what each party would be entitled if failure to close was due to the actions of the seller or the buyer.

45. The "Purchase and Sale Agreement" constituted a contract of option for the Lot G8 property between BahiaG8, LLC and Sabedoria.

**VII.   THIRD CAUSE OF ACTION**
**Article 1536 of the Civil Code of Puerto Rico 2020**

46. Plaintiff realleges and incorporate herein, as if fully set forth, all prior paragraphs of this Complaint.

47. The sole, direct, and proximate cause of Plaintiff's damages are the acts and omissions on behalf of co-defendant Sabedoria.

48. Article 1536 of the Civil Code of Puerto Rico 2020, 31 L.P.R.A. § 10801, provides that any person who, through fault or negligence causes damage to another is obligated to repair it.

49. Sabedoria knowing it had no expressed consent or authorization from part of BahiaG8, LLC marketed and advertised the Lot G8 property on the Clubhouse Real Estate website as its own and at a selling price of $17,000,000.00. Said actions went against the best interests of BahiaG8, LLC, who was and still is the sole owner of the Lot G8 property.

50. Sabedoria's actions have affected the Lot G8 property's value and have created a price fluctuation that has in turn devalued the property causing economic damage to BahiaG8, LLC arising to no less than $2,000,000.00.

51. Sabedoria's decision not to appear and complete the purchasing process on the closing date of December 21, 2022, has resulted in BahiaG8, LLC incurring monthly maintenance fees in the amount of $5,000.00 on a property that was to be sold on December 21, 2022. BahiaG8, LLC has been incurring said costs and will continue to incur said costs since the sale of the property to Sabedoria has been forfeited.

**WHEREFORE**, Plaintiff respectfully request from this Honorable Court that judgment be entered granting the instant Complaint and declaratory judgment be entered with the imposition of costs, damages, interest and reasonable amount of attorney's fees.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 3rd day of February 2023.

| | |
|---|---|
| **S/Pedro F. Soler Muñiz**<br>**PEDRO F. SOLER-MUÑIZ**<br>**USDC-PR NO. 212,909**<br>*Counsel for Plaintiff*<br>Pedro F Soler Muñiz<br>1225 Ave. Ponce de León<br>Edif. VIG Tower, Suite BS-D<br>San Juan, PR 00907<br>Tel. 787-774-6522; Fax. 787-706-8680<br>psoler@pedrosolerlaw.com | **S/Alejandro J. Fernandez Muzaurieta**<br>**ALEJANDRO J. FERNANDEZ MUZAURIETA**<br>**USDC-PR 223706**<br>*Counsel for Plaintiff*<br>Alejandro J. Fernandez Muzaurieta<br>PO BOX 16264<br>San Juan, PR 00908<br>Tel. 939-337-4740<br>alejandrofernandezz@yahoo.com |

**S/Alejandra C. Martínez Méndez**
**ALEJANDRA C. MARTINEZ MENDEZ**
**USDC/PR NO. 303111**
*Counsel for Plaintiff*
Pedro F. Soler Muñiz
1225 Ave. Ponce de León
Edif. VIG Tower, Suite BS-D
San Juan, PR 00907
Tel. 787-774-6522; Fax 787-706-8680
amartinez@pedrosolerlaw.com